NICHOLAS CONNOLLOY, PLAINTIFF, v. BOARD OF EDUCATION OF TRENTON, IN THE COUNTY OF MERCER, DEFENDANT.

Submitted May 14, 1926—Decided December 23, 1926.

Contracts—Construction Agreements—Plaintiff Contracted For Plumbing Work on Building Upon Which Another Had the General Construction Contract—Each Contract Contained Provisions Regarding Extension of Time on Account of Delays—General Construction Contractor Applied to Architect For, and Received, Such an Exclusion—Complainant Thereupon Alleges That He was Hindered Thereby in the Completion of His Contract—Held, That the Terms of the Contracts Were Not Intended to Protect Either Party From the Hindering Acts of the Other, and That the Architect was Not Defendant's Agent, but the Arbiter—Defendant's Motion to Strike Out Will be Allowed.

On contract.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiff, *Peter Backes.*

For the defendant, *Charles E. Bird* and *Aaron V. Dawes.*

PER CURIAM.

The defendant moves to strike out the complaint filed in this case on four grounds, all of them resolving, however, into the single proposition that the complaint discloses no cause of action.

From the complaint it appears that the plaintiff is one of four contractors on a building in the city of Trenton, known as Junior High School No. 3, and being erected by the board of education of that city. The contract awarded to the plaintiff was for the plumbing work. For the general construction work the C. J. Smith Construction Company was awarded the contract. The terms of each contract required that the work should be completed within one hundred and eighty eight-hour working days from and after the date of the contract. The plaintiff's contract was executed on March 9th, 1923; that of the C. J. Smith Construction Company on February 24th, 1923. The remaining contracts in connection with the building are not relevant to the present controversy.

Paragraph 25 of the specifications, which are made part of the contract, provides that "if either party to this contract shall suffer damage by delay, then he shall be reimbursed by the other party for such damage." The same paragraph provides further that "in order to receive credit for delays the contractor shall make and file with the architect a written claim for allowance of time on account of such delays caused him within twenty-four hours of the occurrence of the same; but the time will not be extended unless the claim is found to be reasonable and that the contractor is entitled to such allowance under the contract."

The complaint then proceeds to state that the architect, "then and there being the agent of the said defendants," granted extensions of time to the C. J. Smith Construction Company, "whereby the plaintiff was wrongfully hindered and delayed in the prosecution of his work."

We think a fair reading of the provision first above quoted evinces that it is intended to protect either party from the hindering acts of the other, and does not apply to delays provided for in the contract itself. If for illustration the board were unable to obtain title to the property or were unable to eject a tenant or were unable to comply with the terms of the contract respecting the payment of money, all of these due to its acts or failures, and for which the defendant would be responsible, it would constitute delays to the

opposite party which we think would fall within the plain intent and meaning of the contract. On the other hand, delays that might occur as incident to the performance of the contract by the acts of other parties to it we think would not be within the purview of the provision quoted or available to the plaintiff as a ground for reimbursement for damages suffered. That this is so we think is self-evident from the results which would flow from the allowance of a claim such as here asserted. It is obvious that the defendant might be as greatly damaged by an extension of time to one of its contractors as is the plaintiff. Could it be said that the defendant, therefore, under the same provision would have a claim against the C. J. Smith Construction Company or more pertinently against the plaintiff himself under this clause? It would seem to us not. Such recriminatory claims could not have been in the contemplation of the parties. On the contrary, delays for which provision is made within the contract itself would be delays which all contracting parties would take into consideration and allow for in the making of the contracts themselves.

Assuming, therefore, that the delays contemplated by the section relied upon by the plaintiff cover only those which were occasioned by the acts of the other party to the contract, the question remains whether the extension accorded to the C. J. Smith Construction Company, and which as a result occasioned delay to the plaintiff, was the act of the defendant. On this point we think there can be no element of doubt. While the complaint avers agency, in no part of the contract is the architect made the agent of either party. On the contrary, where he is authorized to act it is in the nature of an arbiter and he acts in a judicial capacity. The case is similar to that of *Gerisch* v. *Herold*, 82 *N. J. L.* 605, in which it was held that questions submitted to the architect for his decisions are so submitted to him in a judicial capacity and his findings are conclusive and binding on the parties. It cannot be contended that if the C. J. Smith Construction Company's application for an extension of time had been resisted by the board of education that this would have been effective to pre-

vent such extension. It was to the architect standing neutrally between the parties that the right to determine the question was committed and to him alone. He could not be controlled in his decisions by either party.

In our view the complaint fails to exhibit a cause of action and the motion to strike out will therefore be allowed.